**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **J.P. WASHINGTON,** ) | |
|         **Petitioner,** ) | |
| **vs.** ) | **No. 3:13-CV-4837-P (BH)** |
| ) | |
| **WILLIAM STEPHENS, Director,** ) | **Referred to U.S. Magistrate Judge** |
| **Texas Department of Criminal** ) | |
| **Justice, Correctional Institutions Division,** ) | |
|         **Respondent.** ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petition for relief should be **DENIED**.

**I. BACKGROUND**

J.P. Washington ("Petitioner") was an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID) when he filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. The respondent is William Stephens, Director of TDCJ-CID (Respondent).

**A.   Procedural History**

In March 2003, a jury convicted Petitioner of unlawful possession of a controlled substance in cause number F-0253827-MW in the 363rd Judicial District Court of Dallas, Texas, and he was sentenced to thirty-five years. (State Habeas Clerk's Record (SHCR), doc. 14-6 at 53–54.)[1] He was released on parole on August 25, 2008. (doc. 14-1 at 19.) A pre-revocation warrant resulted in his placement in an intermediate sanction facility ("ISF") without revocation. *Id.* Another pre-

---

[1] Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

revocation warrant was issued and executed on July 15, 2009, as a result of a July 10, 2009 charge for possession of a controlled substance in the Criminal District Court Number 6 of Dallas County, Texas in cause number F-09-56771-X, a state jail felony. *Id.* Petitioner was convicted of the new offense on January 12, 2011, and transferred to a new facility. *Id*; (doc. 13-5 at 70-71.) He requested a revocation hearing on February 24, 2011, one was held on March 3, 2011, and his parole was revoked on March 7, 2011. (doc. 14-1 at 19; doc. 15-3 at 1-7.)

Petitioner filed a state habeas application on October 8, 2011, that was ultimately dismissed by the Texas Court of Criminal Appeals on February 12, 2012. (doc. 13-2.) The next day, Petitioner filed his sixth § 11.07 application,[2] challenging the same parole revocation he now challenges. (doc. 14-6.) The state trial court addressed Petitioner's claims, finding in relevant part that he failed to establish a due process violation as to his parole revocation claims. (doc. 14-1 at 4-6, 14-16.) On January 9, 2013, the Texas Court of Criminal Appeals dismissed application as subsequent pursuant to Code of Criminal Procedure, art. 11.07, §4(a)–(c). (doc. 14-6.)

In 2012, the Board of Pardons and Paroles reopened the decision in March 2011 to revoke Petitioner's parole in order to review whether some of Petitioner's discharged offenses had been incorrectly listed in a report as still current ("present offenses"). (doc. 14-1 at 19; doc. 15-1 at 2-3; doc, 15-2, at 2.) The Board corrected the listing of present offenses to include only the 2002 offense for possession of a controlled substance. (doc. 15-1, at 2.) Despite this correction, it did not change its prior determination to revoke Petitioner's parole. (doc. 14-1 at 19.)

---

[2]Petitioner has filed six applications for writ of habeas corpus under article 11.07. *Ex parte J.P. Washington,* WR-53,266-01 through 06. (*See* docs. 12-1, 12-2, 13-1, 13-2, 13-5, 14-1, 14-6.) His first and fifth applications challenge other convictions, and the second, third, and fourth applications challenged the underlying 2003 conviction in cause F-0253827-MW for unlawful possession of a controlled substance.

**B.      Substantive Issues**

Petitioner filed his petition for relief under § 2254 on December 3, 2015, raising three grounds for relief:

> (1) his parole warrant was withdrawn and his supervision was reinstated, but the warrant was reissued in violation of statutory parole regulations and inviolation of his right to due process of law;
>
> (2) his right to a revocation hearing was not provided to him within the required time limit and there was no written explanation for the delay or reason the warrant was resubmitted after it was withdrawn; and
>
> (3) the report of Petitioner's parole violation was incorrect and not credible, which caused the parole board members to reconsider his revocation hearing without reopening the hearing, in violation of his right to due process of law.

(doc. 3, at 6–7; doc. 4 at 3.)

## II. STATUTE OF LIMITATIONS (Grounds (1) and (2))

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it. Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

**A.      Calculation of One-Year Period**

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (c) the date on which the Supreme Court initially

3

recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has not alleged a state-created impediment (subparagraph (B)) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right (subparagraph (c)). The one-year statute of limitations is therefore calculated from the latest of the date his conviction became final (subparagraph (A)), or the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims (subparagraph (D)). Although Petitioner's conviction became final in 2004, his challenges relate only to the revocation of his parole. In his first two grounds for relief, Petitioner challenges the withdrawal and re-issuance of a parole warrant, and whether the hearing was provided within the proper time. Therefore, the one-year statute of limitations is calculated from the date on which Petitioner knew or should have known with the exercise of due diligence the factual predicate of his revocation claims. *See* 28 U.S.C. § 2244(d)(1)(D).

The factual basis for claims relating to parole revocations occur at the latest on the date of the revocation. *See Heiser v. Johnson*, 2001 WL 803542 *3 (5th Cir. 2001) (not designated for publication) (concluding that for statute of limitations purposes, claims surrounding a parole revocation arise at the latest when parole is revoked); *Bailey v. Johnson,* No.4:00-CV-281-Y, 2001 WL 282756, at *3 (N.D. Tex. March 15, 2001) (date of revocation latest possible date for claims relating to due process violations which allegedly occurred during revocation hearing).[3] Petitioner's

---

[3] *See also Wade v. Robinson*, 327 F.3d 328, 333 (4th Cir.2003) (applying § 2244(d)(1)(D) to the date parole is revoked); *see also Cook v. New York State Div. of Parole*, 321 F.3d 274, 280 (2d Cir.2003) (same).

claims concerning the revocation warrant and the timeliness of his revocation hearing had a factual basis no later than his parole revocation on March 7, 2011. Absent statutory tolling, the one-year limitations period ended on March 7, 2012. He did not file his petition until December 3, 2013.[4]

**B.      Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). The two applications for state habeas relief that Petitioner filed after his parole revocation tolled limitations, notwithstanding the Texas Court of Criminal Appeals' determination that they were procedurally barred as subsequent applications. *See Villegas v. Johnson*, 184 F.3d 467, 472–473 (5th Cir. 1999). Petitioner's state habeas petitions tolled the limitations period from October 8, 2011[5] through February 12, 2012, and from February 13, 2012[6] through January 9, 2013, a total of 460 days. *See Windland v. Quarterman*, 578 F.3d 314, 317 (5th Cir. 2009) (holding that a state petition for habeas relief is "pending" for AEDPA tolling purposes from the day of filing through the date of disposition). This extended the March 7, 2012 deadline until June 10, 2013. Petitioner filed his federal petition on December 3, 2013, several months past the limitations

---

[4]Petitioner's § 2254 petition was received on December 11, 2013. He swore that he placed it in the prison mail system on December 3, 2015, so it is deemed filed on that date under the "mailbox rule". *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (pro se prisoner's federal habeas corpus petition is constructively filed for purposes of AEDPA limitations when the prisoner delivers the papers to prison authorities for mailing to the district court).

[5]The "mailbox rule," under which a prisoner's pleading is deemed filed at the time it is delivered to prison authorities, applies to petitions for state post-conviction relief. *Richards. v. Thaler,* 710 F.3d 573, 578-79 (5th Cir. 2013). The date Petitioner dated and signed his 11.07 application, October 8, 2011, is the constructive file date, rather than the date it was filed with the Dallas County District Clerk (October 25, 2011). (doc. 13-2, at 2, 12.)

[6]The date Petitioner dated and signed his sixth 11.07 application, February 13, 2012, is used as the date that it was constructively filed, rather than the date his state application was file-stamped (February 16, 2012). *See Richards*, 710 F.3d at 578–79.

5

deadline. Statutory tolling does not save his first and second claims.

**C**. **Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

Here, Petitioner provides no facts justifying the application of equitable tolling. Although

he claims that he received notice in September 2012, "once his motion for rehearing was denied," he is actually referring to the Board initiation of its own review of the evidence, which was long after the date to request a rehearing had expired. (doc. 3 at 9.) The Board's reconsideration related only to Petitioner's challenge to the listing of his prior convictions and did not relate to the propriety of the revocation warrant or timeliness of the revocation hearing. (doc. 15-1 at 2.) Likewise, Petitioner's delay of over ten months after the resolution of his sixth state application does not demonstrate his diligent pursuit of relief regarding the claims that were not addressed. *Coleman*, 184 F.3d at 403 (noting that "[i]n order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief."). He has therefore failed to meet his burden to show that he is entitled to any equitable tolling of the statute of limitations, and his first two grounds for relief challenging the revocation warrant and the timeliness of the revocation hearing are time-barred.

### III. AEDPA STANDARD

Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000). In this case, the denial of Petitioner's

state writ without written order constitutes an adjudication on the merits. *See Ex parte Thomas*, 953 S.W.2d 286, 288-89 (Tex. Crim. App. 1997) (holding that a denial, rather than a dismissal, signifies an adjudication on the merits). Section 2254(d) therefore applies.

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law within the meaning of § 2254(d)(1) "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). As for the "unreasonable application" standard, a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed

8

unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## IV. DUE PROCESS

In all three of his grounds for relief, Petitioner claims that he was denied due process of law.

A parolee is constitutionally entitled to certain due process protections before a State may revoke his parole. *Morrissey v. Brewer*, 408 U.S. 471, 487-488 (1972). "The Due Process Clause of the Fourteenth Amendment imposes procedural and substantive limits on the revocation of the conditional liberty created by probation." [7] *Black v. Romano*, 471 U.S. 606, 610 (1985) (citation omitted). "[I]t is clear that the Fourteenth Amendment due process provisions contemplate that any [hearing to revoke probation] must comport with principles of fundamental fairness." *United States v. Tyler*, 605 F.2d 851, 853 (5th Cir.1979) (citing Morrissey, 408 U.S. at 484).

Parolees have a due process right to (1) written notice of the alleged parole violations; (2) disclosure of the evidence; (3) an opportunity to be heard in person and present witnesses and documentary evidence; (4) cross-examine and confront witnesses unless there is good cause to disallow confrontation; (5) a neutral decision maker; and (6) a written statement as to the evidence relied upon and the reasons for revoking parole. *See Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973). Indigent parolees have a constitutional right to appointment of counsel in the revocation context only when the "parolee's version of a disputed issue can fairly be represented only by a trained advocate". *Id.* at 788. Although counsel will be "constitutionally unnecessary" in most revocation

---

[7]"Probationers and parolees have virtually identical constitutional due process rights in revocation hearings", *United States v. Tippens*, 39 F.3d 88, 90 (5th Cir.1994), so no distinction between cases dealing with probationers and those dealing with parolees is warranted.

9

cases, "fundamental fairness-the touchstone of due process" may dictate that counsel be appointed in a particular case. Id. at 790.

A. **Withdrawal and Reinstatement of Parole Warrant and Timeliness of Hearing**

In ground one, Petitioner argues that the Board improperly withdrew and reinstated the warrant, and he contends that the Parole Board did not conduct his revocation within the statutory deadlines in ground two. (doc. 3 at 6; doc. 4 at 1–3; doc. 14-6, at 12-13.) These issues allege only violations of the Texas Government Code. Alleged failures of the Board to comply with state procedural rules do not raise an issue of federal constitutional law. *See generally Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991) ("We will not review a state court's interpretation of its own law in a federal habeas corpus proceeding") (citation omitted); *see also Smith v. Phillips*, 455 U.S. 209, 221 (1982) ("Federal courts hold not supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension") (citations omitted). Even claimed violations of state constitutional rights fail to provide a basis for federal habeas corpus relief. *Rault v. Butler*, 826 F.2d 299, 302 n.1 (5th Cir. 1987).

Further, as to Petitioner's challenge that the Board improperly withdrew and reinstated the warrant, the Board did not need to maintain a parole warrant since he was in custody under a new charge in Dallas County. Petitioner's challenge to the timing of the revocation hearing is not subject to review in this proceeding because the statutory deadline to conduct a final parole revocation hearing is inapplicable in the context of his indictment for a new offense.[8] Tex. Gov't Code § 508.282(a)(1)(A); *see Ex parte Cordova*, 235 S.W. 3d 735, 736 (Tex. Crim. App. 2007)

---

[8] Petitioner may have believed he would be continued without revocation due to the fact that his parole officer had recommended non-revocation action and a continuation of supervision. (doc. 15-2 at 2.)

("Applicant has been indicted for a new offense; therefore the forty-one day deadline for giving Applicant his final parole revocation hearing under Texas Gov't Code Section § 508.282(a)(1)(A) does not apply."). Petitioner acknowledges that he received notice of his final hearing date, that he was convicted on a new offense in violation of the terms of his release, and that he received a hearing. (doc. 4 at 1–3.) Nothing in the record suggests that he was not accorded all of his due process rights during the parole revocation process. (doc. 15-3 at 1-7.); *see generally Morrissey,* 408 U.S. at 485–89. To the extent that Petitioner's first and second claims are not time-barred, he has failed to establish that his federal constitutional right to due process of law was violated, and the claims should alternatively be denied on the merits.

B.     **Reconsideration of Parole Without Reopening Hearing**

In his third ground, Petitioner challenges the presence of incorrect information in a report of the result of his parole hearing. (doc. 3 at 7; doc. 4 at 3.) He claims that his right to due process of law was violated when the Board relied upon inaccurate information and failed to reopen the hearing. (doc. 4 at 3.)

As noted, the incorrect information to which Petitioner refers is the listing of some of his discharged offenses as still current ("present offenses"). (doc. 15-2 at 1.) After the Board conducted an additional review and corrected the listing of offenses in September 2012, it did not change its decision to revoke Petitioner's parole. (doc. 14-1; doc. 15-1 at 1-2.) Although due process requires that a petitioner be given written reasons for revoking his parole, see *Gagnon,* 411 U.S. at 786, neither the Supreme Court nor the Fifth Circuit Court of Appeals has extended that requirement to denying a motion to reopen.

11

Petitioner complains that the reconsideration of information in his record without a full hearing violated due process of law. He has never challenged the finding that he was given notice of his hearing date, had a hearing, and was convicted of a new offense in violation of his terms of release. By pleading guilty plea to the felony offense of possession of a controlled substance in cause number F-09-56771-X before the Criminal District Court Number 6 of Dallas County in January 2011, he admitted to a new violation of criminal law. The hearing report itself listed the possession of a controlled substance and resulting 35 year sentence as the only "instant offense" for which his parole was to be revoked. (doc. 15-3, at 6.) Petitioner has alleged nothing to show that Board's subsequent review of his case to correct the inaccurate record of other criminal violations had any bearing on the factual findings underlying the basis for the initial revocation. His claim that the Board's reconsideration violated his right to due process of law should be denied.

## VI.  RECOMMENDATION

The petition for habeas corpus relief under § 2254 should be **DENIED** with prejudice.

**SIGNED on this 6th day of July, 2015.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE